# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| PAIJE CERWINSKE,<br><br>        Plaintiff,<br><br>vs.<br><br>CAMBREX CHARLES CITY, INC.,<br><br>        Defendant. | No. 06-CV-2023-LRR<br><br>**ORDER** |

_____

The matter before the court is Plaintiff Paije Cerwinske's "Motion Pursuant to Rule 60(b) F.R.C.P. and Request for Oral Argument" ("Motion") (docket no. 39). Defendant Cambrex Charles City, Inc. has filed a Resistance (docket no. 41). The court finds that the Motion is frivolous and oral argument is unnecessary.

For the reasons stated in the Resistance, the Motion is **DENIED**. The court emphasizes that "counsel cannot obtain relief [pursuant to Rule 60(b)(1)] by pointing to his carelessness or negligence." *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969); *see also In re Athens/Alpha Gas Corp.*, No. 1:06-CV-054, 2007 WL 1169337, *1 (D.N.D. Apr. 18, 2007) (Hovland, J.) ("The cases in the Eighth Circuit are numerous and unequivocal that 'an attorney's ignorance or carelessness does not constitute excusable neglect.'" (Citations omitted.)). The Eighth Circuit Court of Appeals has repeatedly held that an attorney's careless or negligent failure to file a timely response to a dispositive motion is not grounds for Rule 60(b)(1) relief. *See, e.g., Ivy v. Kimbrough,* 115 F.3d 550, 552 (8th Cir. 1997); *see also United States v. 40 Acres of Land, More or Less, Located in Boone County, Ark.*, No. 99-4204, 2000 WL 872968, *1 (8th Cir. July 3, 2000) (unpublished per curiam decision) (same). In any event, this lawsuit plainly lacks merit. Plaintiff now "withdraws her claims of sexual harassment and retaliation." Plaintiff's [Proposed] Brief in Resistance to Motion (docket no. 39-2), at 2. With respect to what

remains of her Complaint, it is undisputed that, while working for Defendant, Plaintiff held a banana in her hand in front of her leg and repeatedly poked one of her female coworkers near the buttocks in a sexually suggestive manner. *See* Def.'s App. at 39 (docket no. 25-4), at 40 ("I got up from my desk . . . I had a banana . . . this banana kind of fell into play, and I took the banana and poked Bethany into like her rump or side of her back area with the banana."). Plaintiff cannot show pretext; she was fired because she sexually assaulted her coworker. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973) (requiring proof of pretext); *Elmahdi v. Marriott Hotel Servs., Inc.*, 339 F.3d 645, 656 (8th Cir. 2003) ("Once the employer articulates [a legitimate, nondiscriminatory reason for the adverse employment action], the presumption of discrimination disappears and the plaintiff bears the burden of proving the employer's proffered reason is merely a pretext for discriminatory animus.").[1]

---

[1] In its opening brief, Defendant writes:

> This case is proof that some Americans have completely lost their sense of dignity. There was once a time when a working American fired for shoving a banana into the buttocks of a co-worker would slink off, secure alternative employment and hope to put the embarrassing episode behind her. Here, the Plaintiff attempts to excuse her conduct as light-hearted fun while attempted to craft a claim of a violation of federal civil rights laws. [Plaintiff's] claims denigrate Title VII, insult the legal system and must be dismissed entirely because they are entirely without merit.

Brief in Support of Motion (docket no. 25-3), at 25.

**IT IS SO ORDERED.**

**DATED** this 14th day of August, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA